(No. 38665.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACK L. DUNCAN, Plaintiff in Error.

*Opinion filed March 18, 1965.*

JACK L. DUNCAN, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and RICHARD STENGEL, State's Attorney, of Rock Island, for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Jack Duncan, pleaded guilty in the circuit court of Rock Island County to an indictment charging him with the crime of burglary, and was sentenced to the penitentiary for a term of not less than 7 nor more than 15 years. He filed a petition for a free transcript and a petition under the Post-Conviction Hearing Act, both of which were denied. The case is now before us to review the original judgment and the post-conviction judgment. We have jurisdiction on direct appeal under Rule 27—1. 28 Ill.2d xxvii.

The defendant seeks reversal of the original judgment of conviction on the grounds that the court did not properly admonish him as to the consequences of his plea of guilty and that his counsel was incompetent. We have reviewed the record of the proceedings at the time of the defendant's plea of guilty and find that the defendant was represented by counsel of his own choice. The attorney advised the court that he had told the defendant that the State's Attorney would recommend a sentence of not less than 7 nor more than 15 years if the defendant would plead guilty, but that the recommendation was not binding upon the court. The court then advised the defendant that he had a right to a trial by jury and advised him of the possible penalty. The defendant was also advised of his right to be represented by counsel, to be confronted by the witnesses against him, and to have compulsory process to obtain witnesses in his behalf. The defendant persisted in his plea and the court entered a finding of guilty and sentenced him to the term recommended by the State's Attorney. In our opinion the admonition of the court was sufficient to advise the de-

fendant of the consequences of his plea. The defendant was represented by counsel of his own choice and the claim of incompetency is not available to him. Moreover, we find no evidence in the record to support the defendant's claim.

The only contention advanced in the post-conviction petition was that the court had erred in denying the defendant's request for a free transcript under Rule 65—1. (9 Ill.2d 11.) Where a defendant is convicted upon a plea of guilty there is no transcript of the evidence, other than a transcript of the proceedings at the time of the entry of the plea. The defendant was supplied with a complete common-law record, including a transcript of such proceedings, and the denial of the request for a transcript did not violate any constitutional right.

The judgments of the circuit court of Rock Island County in the original proceeding and in the post-conviction case are affirmed.

*Judgments affirmed.*